DUFAU ET UX.   to the endorsers, or something equivalent, they are not liable
*vs.*
LATOUR ET AL.   to the holder.

---

### DUFAU ET UX. *vs.* LATOUR ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. CHARLES.

So long as an act of partition, passed before the parish judge, in his
capacity of notary public, setting out the net amount of the estate,
and the distributive share of each heir, and signed by each, remains
in force, and not rescinded, an action of partition by an heir, against
his co-heirs, to provoke a new partition, will not lie.

The partition made by the notary, must govern, as to the share of each
heir; and if any of them received more than their share, at the sale
of the estate, an action will lie in favor of the other heirs, to recover
and equalize the shares, in courts of ordinary jurisdiction.

This is an action of partition. The plaintiff's wife instituted suit against André Latour, the surviving husband of her deceased mother, and the other children, to have the property of her succession partitioned, and the share of each heir set off, according to law.

EASTERN DIST.
June, 1835.

DUFAU ET UX.
vs.
LATOUR ET AL.

The defendants excepted to the plaintiffs' action; that a partition between the present parties had already been made, before the parish judge, acting as notary public, at the instance of the present plaintiffs, which can be opposed or attacked, only by way of opposition.

The probate judge, on these pleadings sustained the exception. From this judgment, the plaintiffs appealed.

*Nicholls*, for the plaintiff.

*Pichot, contra.*

*Bullard J.*, delivered the opinion of the court.

The plaintiff alleges that she is one of the heirs of Pouponne Darembourg, deceased, wife of André Latour; that the formalities required by law, for the liquidation and settlement of the succession, were duly complied with by the sale of the property held in community; that André Latour, Pierre Latour, and Prosper Latour, purchased the greater part of the property on long credits; that the succession has never been settled, and that the interests of the heirs require that a partition and final settlement be made. She prays that the surviving husband and all her co-heirs may be cited; that a partition and final settlement be made, and that she may have judgment for her share.

Two of the heirs excepted to the action, on the ground, that the partition now prayed for, had already taken place, and the share coming to each, ascertained by deed or act passed before the parish judge, acting as notary public, at the request of the plaintiffs; and that said partition could be attacked only by way of opposition, and that plaintiffs could claim only a specific sum, thus ascertained.

This exception was sustained, and the plaintiffs appealed.

So long as an act of partition, passed before the parish judge, in his capacity of notary public, setting out the net amount of the estate, and the distributive share of each heir, and signed by each, remains in force and not rescinded, an action of partition,

70

EASTERN DIST.
June, 1835.

The partition made by the notary, must govern, as to the share of each heir, and if any of them received more than their share, at the sale of the estate, an action will lie in favor of the other heirs, to recover and equalize the shares, in courts of ordinary jurisdiction.

The act of partition relied on in support of the exception, recites, that "the surviving husband and the heirs, properly represented, appeared before the notary, who was the same judge of probates, in pursuance of previous notice, and that the notary proceeded to open the present *procès verbal* of partition." It then sets forth the net amount of the estate, in money, after deducting the charges, and concludes by exhibiting the distributive share of each of the heirs. It appears to be signed by all parties interested, the married women duly represented by their husbands.

We are of opinion, that the Court of Probates did not err in sustaining the exception. While this act remained in force, and not rescinded, no new partition could be provoked. The parties are to be governed by it, as to the shares they are respectively entitled to; and if any of the heirs have received more than their share, at the sale of the estate, their co-heirs are entitled to an action to enforce the contract and to equalize the shares in courts of ordinary jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.